UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20288-BLOOM/ELFENBEIN

18 U.S.C. § 371
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

**ALEJANDRO SOTO,**

Defendant.
_____/

FILED BY __BM__ D.C.

Jun 23, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Car Rental Company 1 was an internet-based company that allowed individuals to rent automobiles to the general public.

2. Cesar Cespedes and Javier Calunga were residentS of Miami-Dade County.

3. Venom Luxury Rentals Corp ("Venom Luxury") was a Florida Corporation that listed automobiles for rent on Car Rental Company 1's online platform.

4. The defendant **ALEJANDRO SOTO** was the Chief Executive Officer of Venom Luxury.

### CONSPIRACY TO COMMIT WIRE FRAUD
(18 U.S.C. § 371)

5. From in or around July 2020, and continuing through in or around May 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALEJANDRO SOTO,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Cesar Cespedes, Javier Calunga, and others known and unknown to the United States Attorney, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

6. It was the purpose of the conspiracy for **ALEJANDRO SOTO** and his co-conspirators to unlawfully enrich themselves by causing the issuance of automobile loans to unqualified borrowers so that they could purchase vehicles and rent them to the general public using the platform of Car Rental Company 1.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

7. **ALEJANDRO SOTO** and his co-conspirators recruited Cesar Cespedes and other individuals with good credit to serve as straw buyers for the purchase of multiple vehicles.

8. **ALEJANDRO SOTO**, Cesar Cespedes, Javier Calunga and others known and unknown to the United States Attorney submitted and caused the submission of loan applications, via interstate wire transmission, to several financial institutions that misrepresented the employment, annual income and monthly expenses of straw buyers.

9. As a result of the submission of these false and fraudulent loan applications, financial institutions approved automobile loans for the purchase of ninety (90) automobiles in the names of the straw buyers.

10. **ALEJANDRO SOTO** unjustly enriched himself by renting the fraudulently obtained automobiles to the general public using the platform of Car Rental Company 1.

11. As a result of the submission of these false and fraudulent loans, numerous banks and finance companies suffered combined financial losses in the approximate amount of $1,024,748 when the straw buyers defaulted on the fraudulently obtained loans.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one co-conspirator committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about July 6, 2020, **ALEJANDRO SOTO** wrote Check No. 8925 in the amount of $2,600.

2. On or about August 3, 2020. **ALEJANDRO SOTO** made a payment to a finance company for a car purchased in the name of a straw buyer.

3. On or about September 16, 2020, **ALEJANDRO SOTO** caused a wiring from the bank account of Venom Luxury in the amount of $1,233 to a straw buyer.

4. In or around December of 2020, **ALEJANDRO SOTO** recruited a straw buyer and told her that he would rent out cars she purchased and split the profits with her.

5. On or about February 3, 2021, **ALEJANDRO SOTO** withdrew $1,200 from a Venom Luxury corporate bank account.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ALEJANDRO SOTO**, has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, constituting, or derived from, proceeds the person obtained directly or indirectly as result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(2).

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
DANIEL BERNSTEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEJANDRO SOTO,

                              Defendant.
                              /

CASE NO.: **25-CR-20288-BLOOM/ELFENBEIN**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)
   I  ☑ 0 to 5 days             ☐ Petty
   II ☐ 6 to 10 days            ☐ Minor
   III ☐ 11 to 20 days          ☐ Misdemeanor
   IV ☐ 21 to 60 days           ☒ Felony
   V  ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge   Cecilia M. Altonaga   Case No. 25-CR-20138-CMA
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
    Daniel Bernstein
    Assistant United States Attorney
    FL Bar No.    17973

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALEJANDRO SOTO

**Case No:** _____

Count #: 1

Conspiracy to Commit an offense against the United States

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: five (5) years
* Mandatory Min. Term of Imprisonment (if applicable): No
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000 or twice the pecuniary gain or loss

Counts #:


* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) |
| v. | ) Case No. **25-CR-20288-BLOOM/ELFENBEIN** |
| ALEJANDRO SOTO | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

CHAD PIOTROWSKI
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*