UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-20288-BLOOM

UNITED STATES OF AMERICA,

v.

ALEJANDRO SOTO,

    Defendant.
_____/

ORDER ON MOTION *IN LIMINE* AND/OR FOR CLARIFICATION
REGARDING SCOPE OF ORDER ALLOWING
GOVERNMENT TO INTRODUCE DEFENDANT'S STATEMENTS

**THIS CAUSE** is before the Court upon the Government's Motion *In Limine* and/or for Clarification Regarding Scope of Order Allowing Government to Introduce Defendant's Statements, ECF No. [41], filed on January 27, 2026. Defendant filed a response on January 28, 2026. ECF No. [43]. The Court has carefully reviewed the Motion, the response, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

I.    **BACKGROUND**

Defendant and his counsel signed two Plea Agreements, one on June 13, 2025, and one on June 30, 2025. *See* ECF No. [26-1]; [26-2]. Defendant and his counsel also signed a Stipulated Factual Basis in Support of Guilty Plea on June 13, 2025. *See* ECF No. [26-3].

Paragraph 12 of both Plea Agreements states: "The Defendant further understands that in the event that for any reason he does not plead guilty, any statements made previously by the Defendant under this agreement or under a previously executed *Kastigar* letter or as part of any plea discussions or as part of the facts contained in a factual proffer itself will be fully admissible against him in any civil or criminal proceedings, notwithstanding any prior agreement with the

government." *See* ECF No. [26-1] ¶ 12.

During an October 28, 2025 hearing, Defendant did not change his plea to guilty and instead notified the Court that he wishes to proceed to trial. ECF No. [33]. Following that hearing, the Government filed a Motion *In Limine* to Admit Defendant's Statements Made in Connection with Anticipated Guilty Plea. ECF No. [26]. Defendant did not file a response to that motion.

On December 2, 2025, the Court granted the Government's November 14, 2025 Motion *In Limine*, permitting the Government to "introduce into evidence, in its case in chief, the signed factual proffer dated June 13, 2025, and may introduce statements made by the Defendant during the interview conducted on June 17, 2025" ("December 2, 2025 Order"). ECF No. [28]. The Government's present Motion seeks an order permitting the Government to introduce, in its case in chief, phone screenshots that Defendant sent to the Government's investigative team "following the [June 17, 2025] interview." ECF No. [41] ¶¶ 3-4. An FBI Report (FBI-302) of that interview notes receipt of these screenshots and indicates the electronic images received from Defendant are attached. *Id.*

The Government seeks clarification that these screenshots are covered by the Court's December 2, 2025 Order or requests that the Court separately rule that the screenshots are admissible at trial "for the same reasons that the defendant's statements made during the interview of June 17, 2025 were ruled to be admissible at trial." *Id.* ¶ 5. Defendant argues that the December 2, 2025 Order does not cover admission of the screenshots because the order admits Defendant's statements but does not extend to tangible evidence. ECF No. [43]. Defendant does not challenge the validity of the Plea Agreement or assert that it was not entered into knowingly or voluntarily.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 11(f) establishes that Federal Rule of Evidence 410

governs the admissibility of pleas and plea discussions. Fed. R. Crim. Pro. 11(f). Under Rule 410, when plea discussions do not result in a guilty plea or that plea is later withdrawn, "a statement made during plea discussions" are "not admissible against the defendant" unless the statement falls under one of two exceptions. Fed. R. Evid. 410. However, a defendant may waive his right to exclude his statements made during plea discussions as long as the waiver is made knowingly and voluntarily. *See United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) ("We hold that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable.").

Courts review plea agreements "in a manner that is sometimes likened to contractual interpretation." *United States v. Harris*, 376 F.3d 1282, 1287 (11th Cir. 2004) (internal quotations omitted). "Absent some indication that the parties intended otherwise, […] terms should be given their ordinary and natural meaning." *See United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005). However, courts will construe the terms of a plea agreement "in light of the fact that it constitutes a waiver of 'substantial constitutional rights' requiring that the defendant be adequately warned of the consequences of the plea." *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004) (internal quotations omitted). Ambiguity in a plea agreement "must be read against the government." *Id.* at 1105-06 (internal citations omitted). An unambiguous, voluntary, and knowing agreement will be enforced according to its terms. *See, e.g.*, *United States v. Elbeblawy*, 899 F.3d 925 (11th Cir. 2018).

### III.  DISCUSSION

Because Defendant declined to plead guilty in this case, the terms of his Plea Agreement provide that "any statements" made during his plea discussions as well as statements made "as part

of the facts contained in a factual proffer itself" are "fully admissible against him" in any criminal proceeding. *See* ECF No. [26-1] ¶ 12. The Court's December 2, 2025 Order mirrored the language of this waiver and permitted the Government to introduce the June 13, 2025 factual proffer and statements made by the Defendant during the interview conducted on June 17, 2025. ECF No. [28].

The Government and Defendant disagree whether "statements" encompasses the phone screenshots Defendant provided following the June 17, 2025 interview. The Plea Agreement does not define "statements" and there is no indication in the Plea Agreement that the parties intended a specific meaning of the term. Thus, "statements" should be given its ordinary, plain meaning. A "statement" is "the act of expressing something in words" or "a verbal assertion or nonverbal conduct intended as an assertion." Statement, *Black's Law Dictionary* (12th ed. 2024). A phone screenshot, under this ordinary meaning, is not a statement.

*U.S. v. Elbeblawy* is inapposite here. In *Elbeblawy*, the court found defendant's wavier was voluntary and knowing and permitted the introduction of statements the defendant made during plea discussions as well as evidence the defendant helped the government obtain. *Elbeblawy*, 899 F.3d at 932. However, Elbeblawy's plea agreement stated: "the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to the agreement[.]" *Id.* at 935 (alterations adopted). Elbeblawy's waiver expressly covered the admissibility of information and materials beyond his statements.

In contrast, the Plea Agreement here only establishes the admissibility of "statements" and includes no other terms, such as information or materials, that may be admissible. The Government has provided no other authority by which to interpret "statements" broadly enough to include

4

phone screenshots sent by the Defendant following the interview. The Government has also not provided any indication that the parties intended for "statements" to be read that broadly, and Defendant's response to the Motion denies such a broad understanding. Absent such a showing, expanding "statements" to include separately provided phone screenshots risks interpreting the plea agreement such that the defendant was not "adequately warned of the consequences of the plea." *See Copeland*, 381 F.3d at 1106. As such, neither the Court's December 2, 2025 Order nor the waiver in the Plea Agreement address the admissibility of these phone screenshots.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion, **ECF No. [41],** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 4, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record