UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-20288-BLOOM

UNITED STATES OF AMERICA,

v.

ALEJANDRO SOTO,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE REGARDING THE 2017 CHEVROLET CAMARO**

**THIS CAUSE** is before the Court upon Defendant's Opposition to the Government's Notice of Intent to Introduce Evidence Regarding the 2017 Chevrolet Camaro and *Motion in Limine* to Exclude Such Evidence ("Motion"), ECF No. [60]. The Government filed a Response, ECF No. [62], to which Defendant filed a Reply, ECF No. [66]. The Court has carefully reviewed the Motion, the Response, the Reply, and is otherwise fully advised. For the reasons discussed below, the Motion is denied in part and granted in part.

    **I.**    **BACKGROUND**

The Defendant is charged with one count of conspiracy to commit wire fraud and three counts of wire fraud. *See* Superseding Indictment, ECF No. [30]. The charges relate to an alleged scheme to recruit straw buyers to purchase vehicles using fraudulent information on loan applications, rent the vehicles to the public, and fail to make sufficient loan payments resulting in default. *Id.* The Government alleges the charged offenses occurred from May 2020 to May 2021. *Id.*

On January 22, 2026, the Government filed a Notice on Admissibility of Certain Evidence, or in the Alternative, Notice of Intent to Use FRE 404(b) Evidence. ECF No. [39]. The Government

seeks to introduce "records relating to the purchase, ownership, and rental of a 2017 Chevrolet Camaro by Defendant" ("Camaro evidence"). *See* ECF No. [39]. The Government represents that those records show Defendant submitted false information about his income and employment to finance and purchase a 2017 Camaro, which he rented to the public before claiming a "total loss" accident and defaulting on the remaining loan payments. *Id.* The Government argues this evidence is intrinsic to its case "as it pertains to the chain of events of the conspiracy and wire fraud scheme charged" and "is necessary to complete the story of the crime for the jury." *Id.* In the alternative, the Government argues the evidence is admissible under Federal Rule of Evidence 404(b) to prove Defendant's "intent, opportunity, preparation, plan, knowledge, absence of mistake, and the lack of accident." *Id.* The Government contends that the similarities between submitting false financial information to obtain the Camaro and the submission of fraudulent purchase and loan documents in the charged offenses demonstrate the same state of mind. *Id.* ¶ 8-9. The Government also argues the Defendant's actions regarding the Camaro go to knowledge of the charged offenses because he knew the requirements for financing a car, the information needed to submit such applications, and that "the submission of false information could result in an unqualified buyer obtaining a car loan." *Id.* The Government further contends there is no undue prejudice in admitting this evidence and any risk of prejudice may be alleviated by a limiting jury instruction. *Id.* ¶ 11.

On February 15, 2026, Defendant filed an Opposition to the Notice and a Motion *in Limine* to exclude the evidence. ECF No. [60]. Defendant argues the Camaro evidence is not admissible as intrinsic evidence or under Rule 404(b). *Id.* The Defendant contends the evidence is not intrinsic because it is distinct in time and material detail from the charged offenses and is not necessary for the jury to understand the Government's case. *Id.* The Defendant identifies material differences between the uncharged and charged acts, namely that the 2017 Camaro was Defendant's personal

acquisition, involved no third parties, and did not involve the same degree of concealed information as alleged in the charged offenses. *Id.* The Defendant further argues that the uncharged acts regarding the Camaro and the charged offenses do not have the same intent requirement and that introduction of the Camaro evidence would prejudice the Defendant as impermissible character and propensity evidence. *Id.* If the evidence is admitted, the Defendant requests a limiting jury instruction. ECF No. [66].

## II.  LEGAL STANDARD

Generally, "[r]elevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (citation omitted). Apart from direct evidence, the Eleventh Circuit deems evidence intrinsic and admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *Id*. Evidence intrinsic to the charged offenses is admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Id*. (internal citation omitted).

An uncharged, extrinsic act arises out of the same transaction or series of transactions if it is "linked in time and circumstances" with the charged crime or "involve[s] the same people and criminal scheme." *United States v. Harding*, 104 F.4th 1291, 1296 (11th Cir. 2024). There is "no firm temporal requirement [but] the uncharged act must be 'connected with the offenses charged.'" *Id.* (internal citation omitted). An extrinsic act is necessary to complete the story of the crime if it explains the "'context, motive, and set-up of the crime' or reveals important details about the criminal scheme." *Id.* at 1297 (internal citation omitted). An extrinsic act is inextricably intertwined with the charged offense if it "'forms an integral and natural part of' an account of a

crime, or it is 'vital to an understanding of the context of the government's case[.]'" *Id.* (internal citations omitted).

If an uncharged act is determined not to satisfy any of the criteria for intrinsic evidence, the extrinsic act may by admissible under Federal Rule of Evidence 404(b). Rule 404(b)(1) prohibits the introduction of evidence of another "crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"To be admissible, Rule 404(b) evidence (1) must be relevant to an issue other than the defendant's character, (2) there must be sufficient proof to allow a jury to find that the defendant committed the extrinsic act, and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and that the evidence must meet the other requirements of Rule 403." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992)); *see also United States v. Matthews*, 431 F.3d 1296, 1310-1311 (11th Cir. 2005) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)). "Rule 404(b) is a 'rule of inclusion,' and Rule 404(b) evidence 'should not lightly be excluded when it is central to the prosecution's case.'" *Harding*, 104 F.4th at 1300 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation and internal quotation marks omitted), *abrogated in part on other grounds by Rehaif v. United States*, 588 U.S. 225 (2019)). It is the burden of the party requesting evidence be excluded to show that evidence is inadmissible on any relevant ground. *United States v. Gonzalez*, 718 F.Supp.2d 1341, 1345 (S.D. Fla. 2010).

4

### III. DISCUSSION

The Government and Defendant disagree whether the Camaro evidence is intrinsic to the charged offenses and, if the evidence is extrinsic, whether it is admissible under Rule 404(b).

### A. Admitting Intrinsic Evidence

The Court agrees with Defendant that the Camaro evidence is not intrinsic to the charged offenses. Defendant is charged with conspiracy to commit wire fraud regarding an alleged scheme to recruit straw buyers to finance vehicles in their own names to rent to the public. ECF No. [30]. Defendant is also charged with wire fraud for submitting fraudulent loan applications on behalf of a straw buyer. *Id.* The Camaro evidence does not satisfy any criteria for admission as intrinsic evidence. It is not part of a series of transactions that lead to the charged offenses because the evidence allegedly shows Defendant's personal purchase, financing, rental, and default of one vehicle in 2017. The Government has not provided a direct connection to the charged offenses when the uncharged acts occurred years before the alleged conspiracy and involved no straw buyers or alleged co-conspirators. *See Harding*, 104 F.4th at 1296 ("[W]hen we have ruled that uncharged acts were 'linked in time and circumstances' with a charged crime, the uncharged acts involved the same parties and the same agreement."); *see also United States v. Horner*, 853 F.3d 1201, 1214-15 (11th Cir. 2017) (finding evidence of defendants' prior false tax returns was intrinsic to the charges of filing fraudulent corporate and personal tax returns where the uncharged tax returns were part of the same ongoing plan as the charged offenses); *United States v. Ford*, 784 F.3d 1386, 1394 (11th Cir. 2015) (finding evidence of additional, uncharged false tax returns was intrinsic to defendant's charged false tax return scheme because the evidence "concerned fraudulent tax returns that were filed by Ford, during the same time period, and using the same methods"). Differences in the timing and circumstances of the Camaro acquisition render it a

Case 1:25-cr-20288-BB   Document 74   Entered on FLSD Docket 02/23/2026   Page 6 of 10

Case No. 25-cr-20288-BLOOM

distinct transaction from the charged offenses.

To be inextricably intertwined with the charged offenses or necessary to complete the story of the crime, the uncharged acts must provide more than mere similarities with the charged conduct. *See, e.g.*, *United States v. Nerey*, 877 F.3d 956, 975-76 (11th Cir. 2017) (finding evidence of defendant's prior involvement with health care agencies was inextricably intertwined and necessary to complete the story of the charged complex health care fraud scheme because the evidence explained "how [defendant] became involved with the home health care agencies in this case and why they trusted him as a patient recruiter."); *United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998) (finding evidence of prior uncharged drug offenses was inextricably intertwined with charged offenses because the uncharged acts explained how defendant became the target of the government's investigation and explained the relationship between the defendant and confidential informant); *United States v. Church*, 955 F.2d 688, 700 (11th Cir. 1992) (finding that evidence of an uncharged murder conspiracy was necessary to complete the story of the crime where defendant was charged with conspiring to murder an individual based on a payment dispute over the first murder conspiracy).

Although there are similarities between the Camaro evidence and the charged offenses, they involve distinct acts, buyers, applications, and vehicles. The Government does not assert the evidence is essential for the jury to understand how Defendant may have identified potential conspirators or recruited straw buyers. The alleged conspiracy and wire fraud is also not so complex that evidence of the Camaro is necessary for the jury to understand the Government's case. Without a clearer connection between Defendant's personal acquisition of the Camaro and the later charged conspiracy and wire fraud, the Camaro evidence is not admissible as intrinsic evidence of the charged offenses.

### B. Admitting Evidence Under Rule 404(b)

The Government argues that if the Camaro evidence is not intrinsic, the evidence is admissible under Rule 404(b) to prove Defendant's "intent, opportunity, preparation, plan, knowledge, absence of mistake, and the lack of accident." *See* ECF No. [39] at ¶ 7 (quoting Fed. R. Evid. 404(b)). The Government's briefing emphasizes Defendant's intent and knowledge. Defendant argues that the intent necessary to prove the charged offenses differs from the intent present in the acquisition of the Camaro. Defendant further contends the evidence is too dissimilar to the charged offenses that admitting the evidence would prejudice Defendant by inviting the jury to make a propensity inference that is forbidden by Rule 404(b)(1). *See* ECF [60] at 5.

The Court agrees with the Government that the Camaro evidence satisfies the three-prong test to admit evidence under Rule 404(b). The first prong is satisfied because the evidence is relevant to Defendant's intent and knowledge of the charged offenses. The parties agree that Defendant placed his intent at issue in this case when he pled not guilty to the Superseding Indictment. *See* ECF No. [39], [60]; *see also United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Dorsey*, 819 F.2d 1055, 1059 (11th Cir. 1987). The first prong of the Rule 404(b) requirement is satisfied if the "state of mind required for the charged and extrinsic offenses is the same." *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007).

Defendant is charged with wire fraud and conspiracy to commit wire fraud. Wire fraud requires "proof of intent to defraud." *See United States v. Bradley*, 644 F.3d 1213, 1239 (11th Cir. 2011). The state of mind required in the substantive wire fraud charges and the Camaro acts is the same to the extent both involve submitting false and fraudulent information in car loan

applications. The relevance of an intent to defraud does not change if Defendant submits a fraudulent application for himself or on behalf of another individual. In *United States v. Ford*, the defendant was charged with engaging in a fraudulent scheme that included filing false tax returns on behalf of third parties and retaining their tax refunds. 784 F.3d at 1390. The defendant's fraudulent personal tax returns were admissible under Rule 404(b) because her personal tax returns "utilize[d] the same methods as the charged conduct" and details in the personal tax returns were sufficiently similar to the fraudulent scheme to demonstrate intent and knowledge of the charged offenses. *Id.* at 1393-94. Here, Defendant's fraudulent application for a personal car loan is sufficiently similar to demonstrate intent and knowledge of the alleged fraudulent applications on behalf of straw buyers.

Defendant is also charged with conspiracy to commit wire fraud, requiring a different showing of intent than wire fraud. The Eleventh Circuit recognizes that in drug offenses, evidence of prior possession with intent to distribute "is highly probative of intent in later charges of conspiracy and distribution[.]" *See United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993); *see also Matthews*, 431 F.3d at 1311 ("It must follow then that, at least in this circuit, Matthews's 1991 arrest for distribution of cocaine was relevant to the intent at issue in the charged conspiracy to distribute cocaine."). Although not a drug case, this case similarly involves extrinsic acts that are directly related to the purpose of the charged conspiracy. This Circuit also recognizes that crimes involving fraud and forgery are probative when determining whether to admit evidence of extrinsic acts to demonstrate intent. *See United States v. San Martin*, 505 F.2d 918, 922-23 (5th Cir. 1974).

Regarding the second prong under Rule 404(b), Defendant does not challenge the Government's position as to the sufficiency of evidence to allow the jury to find the defendant

committed the extrinsic act. *See* ECF No. [60] at 5. Because intent is at issue in this case, "[a] jury may infer an intent to defraud from the defendant's conduct." *United States v. Maxwell*, 579 F.3d 1282, 1301 (11th Cir. 2009). Moreover, "[e]vidence that a defendant personally profited from a fraud may provide circumstantial evidence of an intent to participate in that fraud." *United States v. Naranjo*, 634 F.3d 1198, 1207 (11th Cir. 2011). Because Defendant conceded the sufficiency of the Camaro evidence, the second prong of the Rule 404(b) analysis is satisfied.

The third prong of the Rule 404(b) test admits evidence only if the probative value of the uncharged acts is not substantially outweighed by any undue prejudice. The Court must engage in a "common sense assessment of all the circumstances surrounding the extrinsic evidence, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Jernigan*, 341 F.3d at 1282. As explained above, the Camaro evidence is probative as to Defendant's intent and knowledge of the charged offenses. The uncharged acts are also not too temporally remote where the conspiracy and wire fraud are alleged to have occurred between May 2020 and May 2021, and the Camaro was purchased in 2017 and rented to the public from September to October 2019, ECF No. [39] ¶ 5. *See Matthews*, 431 F.3d at 1311-12 (declining to find abuse of discretion when district court admitted evidence under Rule 404(b) of prior drug offense that occurred eight years prior to start of conspiracy). Because the Camaro evidence demonstrates fraudulent conduct similar to the charged conduct that occurred three years prior to the charged offenses, the evidence is highly probative. Furthermore, any undue prejudice to the Defendant may be cured by a limiting instruction to the jury as to proper uses of Rule 404(b) evidence.

Because the Camaro evidence is relevant to Defendant's intent and knowledge of the charged offenses and satisfies the criteria for admission under Rule 404(b), the Camaro evidence

is admissible Rule 404(b) evidence. The Court will provide the jury an appropriate limiting instruction.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [60],** is **DENIED in part and GRANTED in part**.

2. The Government may introduce in its case-in-chief records relating to the purchase, ownership, and rental of a 2017 Chevrolet Camaro by Defendant under Rule 404(b) as relevant to Defendant's intent and knowledge of the charged offenses.

3. The Court will give the jury a limiting instruction as to the Rule 404(b) evidence.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2026.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record